# Woodward *versus* Wilson.

1. A mechanics' lien was filed against Woodward for materials furnished to buildings on a lot described as "belonging to the above-named Woodward," who was named in the claim "as owner or reputed owner." In an affidavit of defence by Woodward to a scire facias, he averred that the ground belonged to his wife, that he was in possession of the lot, and without her consent but at his own instance and for his benefit, without her knowledge he contracted for the materials, &c.   *Held,* to be insufficient.

2. Such a claim is no lien on the wife's estate.

3. The curtesy of the husband could not be levied on and sold upon a levari facias.

4. The creditor alleging in his claim that the title is the husband's, her title could not be set up as a defence to a scire facias.

5. She is not a party, and cannot intervene to prevent the creditor from having his remedy against the proper and *independent* title of the husband.

6. The husband cannot set up her title in his own defence.

7. The creditor alleging in his claim that title was in the husband, could have judgment against the husband, sell and purchase his title and thus contest the wife's claim to the property by ejectment.

March 17th 1871. Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 189, to July Term 1870.

This was a scire facias sur mechanic's lien by Abel Wilson

[Woodward *v.* Wilson.]

against Byron Woodward, owner or reputed owner, and Thomas Foulkrod, contractor, brought to December Term 1869.

The claim was as follows:—

Abel Wilson, of, &c., files his claim or statement of demand against the buildings hereinafter mentioned, the ground covered by said buildings, and so much other ground immediately adjacent thereto and belonging to the above-named Byron Woodward, as may be necessary for the ordinary and useful purposes of the same, and sets forth as follows, viz. :—

"1. The name of the claimant is Abel Wilson; the name of the owner or reputed owner of said buildings is Byron Woodward, &c.

"2. The amount claimed to be due is $754.18 for lead pipe, terra cotta pipe, bath-tub, plumbing materials and fixtures, and zinc, also for tin work, roofing and plumbing," &c.

Byron Woodward filed an affidavit of defence as follows:—

"That by deed, dated June 1st 1860, Edward Hayes granted in fee simple unto Emma C. Woodward, then wife of this affiant, a certain lot or piece of ground, with a three-story brick dwelling-house thereon erected; situate, &c. And thereupon the said Emma became the sole and absolute owner of said lot or piece of ground, with said dwelling-house thereon erected, as aforesaid. That said dwelling-house occupied but about 17 feet of the front of said lot, and the remaining part of said lot was intended for the use of said dwelling, and was used as a sideyard for said dwelling by the occupants thereof.

"That in the early part of September 1869, your affiant, without the knowledge of his said wife Emma, and for his own benefit and advantage, and on account of his own sole responsibility—and not for the benefit or advantage of the said Emma, nor at her instance, nor on her behalf, made and entered into a contract with the said Thomas S. Foulkrod, a builder, to erect and construct for him, your affiant, upon the said lot of ground of his said wife Emma, the building mentioned or described in the claim upon which this suit is brought [with the exception of the summer kitchen, which was afterwards put up by said Foulkrod, at the sole instance and inquest of this affiant, and for his sole use and benefit, and not at the instance of the said Emma, nor for her use and benefit], for the price or sum of $6000. And the said Foulkrod then agreed to erect and construct said building for this affiant, and find all the materials necessary therefor—with the exception of said kitchen, for said sum of $6000. That the cost of said kitchen would not exceed the sum of $300.

"That at the time of the commencement of said building your affiant was in the possession of the lot on which the same is now erected, but the said Emma was the sole and exclusive owner of the lot of ground aforesaid, and this affiant had no estate therein. That the said Emma has not in any way contracted with said

18 P. F. SMITH—14

[Woodward *v.* Wilson.]

plaintiff for the work and materials or any part thereof mentioned in said claim, but the same were contracted for exclusively by the said Foulkrod. That he has already paid to said Foulkrod, and on his orders, and at his request, for the erection and construction of said building, upwards of $7000, $1000 more than the contract price and more than the whole work done upon and materials used in said building and kitchen were worth. That the erection of said building on said lot adds nothing to the value of the lot itself, independent of the building, but renders the old dwelling-house of less value by depriving it of the use and benefit of a sideyard.''

The court below entered judgment in favor of the plaintiff for want of a sufficient affidavit of defence.

This was assigned for error on the removal of the case by the defendant to the Supreme Court.

*G. W. Biddle,* for plaintiff in error.—By the Act of April 28th 1840, § 24, Pamph. L. 474, Purd. 714, pl. 40, a mechanic's lien shall not extend to any greater estate than that of the person in possession at the time of commencing the building, and at whose instance the same is erected; nor shall any greater estate be sold, &c. The husband has no present estate or interest : Gamble's Estate, 1 Pars. 489; Act of April 1st 1863, § 1, Pamph. L. 212, Purd. 1306, pl. 1. The claim should not have been filed against the entire fee, because the judgment and execution must follow the claim : Foster *v.* Fowler, 10 P. F. Smith 27; Carey *v.* Wintersteen, Id. 395; Bruner *v.* Sheik, 9 W. & S. 119; Haworth *v.* Wallace, 2 Harris 118. A mechanic's claim must be based upon a contract with the owner of the fee : Harlan *v.* Rand, 3 Casey 514. An express contract is required where it is sought to hold a married woman for necessaries : Murray *v.* Keyes, 11 Casey 384; Parke *v.* Kleeber, 1 Wright 251; Lippincott *v.* Hopkins, 7 P. F. Smith 328. Glidden *v.* Strupler, 2 Id. 400, and Kirk *v.* Clark, 9 Id. 479, hold that a married woman is beyond the reach of the doctrine of estoppel, arising from consent, acquiescence and encouragement.

*A. Letchworth,* for defendant in error, cited Keeney *v.* Good, 9 Harris 349; Gamber *v.* Gamber, 6 Id. 363.

The opinion of the court was delivered, May 8th 1871, by

AGNEW, J.—This mechanics' claim was filed against Byron Woodward as the owner, and Thomas S. Foulkrod as the contractor, for the erection of a building upon ground alleged to belong to Byron Woodward. He has filed an affidavit of defence to the scire facias on this claim that the title of the ground is in his wife, and that he contracted for the building for his own benefit, and not for the benefit of his wife, or at her instance or

[Woodward *v.* Wilson.]

in her behalf. Is this a good defence to a claim against himself as owner? We have held in Finley's Appeal, 17 P. F. Smith 453, that such a claim is no lien upon the estate of the wife, and that her title cannot be sold upon it. Even the curtesy interest of the husband in her estate of inheritance cannot be levied and sold upon the levari facias since the Act of 1st April 1863, § 1: Brightly's Dig. 1306, pl. 1. And even before the Act of 1863 the curtesy interest of the husband was not liable to sale during the lifetime of the wife: Act 22d April 1850, § 11; Brightly's Dig. 700, pl. 16. It is evident, therefore, that the only interest liable to the lien of the mechanic in this case is an estate of Byron Woodward, held in his own right and upon his own independent title. Now if the creditor alleges that the property is his and not that of his wife, on what principle can her title be set up as a defence in the scire facias? It is nothing to her whether judgment goes against her husband in this proceeding, for it is wholly inoperative as to her estate, or as to the estate of the husband derived by the curtesy from her. She is no party to the proceeding, and cannot intervene to prevent the creditor from having his remedy against the proper and independent title of her husband. Much less can the latter set up her title in *his own* defence. A judgment against him can be levied only of his own estate or title. To that he sets up no defence. If the title be that of the wife or of the husband by curtesy only, neither she nor he can be dispossessed. The purpose of the Act of 1850, and still more of the Act of 1863, was to prevent the wife from being deprived of the benefit of her estate through the derivative interest of her husband; for to drive him from the possession is effectually to deprive her of the enjoyment of her own property. But to the creditor who asserts that the property is her husband's and not hers—that the deed to her is but a trust, the property being bought and paid for by him—the right to judgment on the claim is essential. Without it he cannot sell the title of the husband, and place himself or another as a purchaser at sheriff's sale in a position to contest her claim to the property by ejectment. To allow the husband to set up a title in his wife in defence to a claim against his own title, would shut the door against the proof of the fraud, or else compel the purchaser at sheriff's sale to fight over the battle waged upon the scire facias; for Mrs. Woodward would not be concluded by the verdict without being brought in and made a party to the scire facias and the trial. We think the affidavit of defence was therefore insufficient.

Judgment affirmed.