## JOHN WEAVER v. HOWARD E. SHEELER.

ERROR TO THE COURT OF COMMON PLEAS OF CHESTER COUNTY.

Argued February 7, 1888—Decided February 13, 1888.

1. On the trial of a scire facias sur mechanics' lien, the bills filed with the claim are not admissible in support thereof, when their correctness has been denied by an affidavit of defence filed.

2. A mechanics' lien attaches only to the estate of the person for whom the building is erected; and, where materials are furnished for the owner of an equitable estate only, and a claim is filed against the owner of the legal title by subsequent purchase, it cannot be sustained without evidence that the defendant owns also the interest of the person for whom the building was erected.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

Nos. 66, 67, 68 January Term 1887, and 134, 135 July Term 1888, Sup. Ct.; court below, Nos. 63, 64, 65 April Term 1886, C. P.

On March 24, 1886, writs of scire facias were issued upon three mechanics' liens, in which Howard E. Sheeler was plaint-

iff and John Weaver, owner or reputed owner, and the Pennsylvania Granite Company, contractor.

The claim filed with the lien sued upon in No. 63 was for materials furnished for the erection of buildings upon a parcel of land in Warwick township, on October 3, 1885, in items aggregating $201.31. That with the lien sued upon to No. 64, was for materials furnished on September 24th and October 27, 1885, in items aggregating $501.77. That with the lien sued upon to No. 65, was for materials furnished on September 4, 1885, in items aggregating $182.78.

On April 12, 1886, in each of the causes the following affidavit of defence was filed:

That the said plaintiff has not really furnished the amount of material for which he has charged and has wholly refused to indicate where the same are to be found in the building erected, or to undertake to measure the amount of the same; that the affiant is satisfied that of the lumber furnished, at least one fourth more has been charged for than was actually furnished; that the prices that have been charged are improper and beyond what was agreed to be paid and received as follows:—

The item 900 feet white pine boards, should be $16 per thousand instead of $20 as charged; the item 2880 feet hemlock should be at $12.50 instead or $15 as charged; the item 1400 feet cull boards should be at $16 instead of $18 as charged, and should be reduced by 400 feet in quantity; so that altogether there is due the plaintiff the sum of $94.05, instead of what is charged in the bill filed, which same the defendants have always been ready and willing, and are still ready and willing, to pay the plaintiff.

All of which the defendants expect to be able to prove on the trial of said cause.

In each cause the defendants pleaded nil debet, payment and payment with leave, and at the trial of the cases together on September 24, 1886,

The plaintiff offered in evidence the bills filed with the claims. Objected to, on the ground that they proved nothing in the then condition of the case. The objection was overruled and the bill allowed to be read to the jury.[1]

It then appeared that the materials were furnished to a part-

nership known as the Pennsylvania Granite Company, at the time in the occupancy of the land prospecting for and testing the worth of a granite quarry. The legal title to the tract was at the time in Davis Knauer and Josiah Keim, who were in no way connected with the granite company. Davis Knauer testified, that in the spring of 1885, one James Neall by parol agreed to buy the land and paid $10 on account of the purchase money. On December 30, 1885, two months after the last item of materials was furnished by the plaintiff, John Weaver purchased the legal title from Knauer and Keim. The plaintiff testified: "Mr. Neall told me that it was the Pennsylvania Granite Company's account; that the lumber was to be charged to the Pennsylvania Granite Company." Neall was connected with the company.

The court, FUTHEY, P. J., charged the jury at length upon the law as to other facts in the cases and concluded:

If you find that the plaintiff furnished the lumber to the defendants on the faith and credit of the buildings, the second question for your consideration has reference to the amount of the bills the plaintiff presented for the lumber he thus furnished the defendants.

The defendants dispute not only the amount of lumber furnished, but the prices charged by the plaintiff. If you find from the evidence that the plaintiff has made an overcharge, you will determine what the correct price should have been, and make the proper deduction in the amount of your verdict.

There are three distinct cases, separate liens having been filed against the three buildings, the two-story dwelling-house, the frame engine-house and the frame and stone shed, so that you will render a separate verdict in each case.

I have been requested by the defendants to instruct you upon the following points, viz:—

1. That there is no evidence in the case to connect the lien in suit with the title of John Weaver, and in the absence of such evidence a verdict cannot be rendered against the said Weaver or his title.

Answer: It appears from the evidence that, at the time this lumber was furnished the defendants, the title to the property was held by Mr. Knauer and Mr. Keim; that James E. Neall

made a contract of purchase with Mr. Knauer and paid ten dollars at the time, but that John Weaver, whose name appears in the liens as owner, or reputed owner, was not in reality the owner. The liens are filed against John Weaver, owner or reputed owner, and the Pennsylvania Granite Company, contractor, as defendants. The point presented by the defendants requests the court to instruct you that, inasmuch as John Weaver was not the owner of the premises until after the material was furnished, the liens should have been filed against the person in possession of the premises at the time the material was furnished.

I instruct you, however, that the liens were properly filed, if they could be filed at all, against John Weaver, as owner, or reputed owner, the testimony showing that he was the owner of the premises at the time the liens were filed, and therefore the point is disaffirmed.[2]

2. Under all the evidence the verdict should be for the defendants.

Answer: This point is also disaffirmed.[3]

The verdict of the jury was for the plaintiff, in No. 63, for $213.07; in No. 64 for $529.19; in No 65 for $150.08. Judgments being entered the defendant Weaver took these writs, assigning for error:

1. The admission of plaintiff's offer.[1]
2. The answer to the defendant's first point.[2]
3. The answer to the defendant's second point.[3]

*Mr. R. Jones Monaghan* (with whom were *Mr. John Sparhawk, Jr.*, and *Mr. J. Frank E. Hause*), for the plaintiff in error:

1. The claim was not evidence at all and should not have been so received: Hills v. Elliott, 16 S. & R. 57.

2. The second and third assignments are not technical, but go to the merits of the cases.

*a.* It is not pretended that the buildings in which the materials were used were erected at the instance of Knauer and Keim, or either of them, then owning the legal title.

*b.* Even if the liens had been filed against Neall, there was no evidence to sustain any equitable title in Neall, and the lien could not stand. By the very language of the act of April 28,

1840, P. L. 474, § 24, the lien shall not be construed to extend to any other or greater estate than that of the person or persons in possession at the time of commencing the building, and at whose instance the same is erected: Johns., Mech. L., 126. It was essential in the lien filed to name the owner: Houston's App., 6 W. N. 162; Barclay's App., 11 W. N. 359; Steinman v. Miller, 12 W. N. 244; Dietrich v. Crabtree, 8 W. N. 418. When a mechanics' lien is entered against an equitable estate, its value depends upon that estate, and it survives or perishes with it: Campbell's App., 36 Pa. 247.

c. On December 30, 1885, the defendant bought the legal title, against which the plaintiff had no possible lien. There was absolutely no testimony connecting the liens in suit with the defendant's title. The court should therefore have affirmed both our points and directed a verdict for the defendant: Weaver v. Lutz, 102 Pa. 595.

*Mr. Wm. M. Hayes*, for the defendant in error:

1. The bills offered in evidence were but a ready reference to the charges on sundry pages of the book, adding nothing to the evidence which the book itself showed. They did the defendant no harm: Odd Fellows' Hall v. Masser, 24 Pa. 510; Noar v. Gill, 111 Pa. 488; Presbyterian Church v. Allison, 10 Pa. 413.

2. When the defendant took the title he knew there might be liens for work and materials then existing, which could be continued by filing. The new buildings necessarily put a purchaser on inquiry. As the claim is against the building, instead of the person, and the name of the owner is only a circumstance of description to specify the property and give notice to purchasers, entire accuracy in regard to the ownership is not indispensable: Jones v. Shawhan, 4 W. & S. 262; Sullivan v. Johns, 5 Wh. 369; Knabb's App., 10 Pa. 189; Fourth Ave. Bap. Church v. Schreiner, 88 Pa. 126. The jury have found as a fact that this lumber was furnished on the faith and credit of the buildings. That question was fairly submitted to them by the court below.

OPINION, MR. JUSTICE WILLIAMS:

This was a scire facias sur mechanics' lien. On the trial the court was asked to instruct the jury " that there is no evi-

dence in the case to connect the lien in suit with the title of John Weaver, and in the absence of such evidence the plaintiff cannot recover."

In response to this request the court instructed the jury that the lien was properly filed against John Weaver, "the testimony showing that he was the owner of the premises at the time the liens were filed, and therefore the point is disaffirmed." This overlooked the question raised by the point. The evidence showed that the land on which these buildings were erected was owned at the time the materials were furnished by Knauer and Keim. Neall had made a verbal contract for the purchase of it some little time before, and paid ten dollars upon it. The materials were bought and the buildings erected by him in connection with the opening of a quarry thereon. Weaver purchased the title of Knauer and Keim after the materials were furnished, but before the lien was filed, and his present contention is, that the lien should have been filed against the equitable title under which the materials were contracted for, and not against the legal title. The point was well taken. As the case stood there was no evidence to show that Weaver held Neall's equitable title, and unless he did, it is very plain that his legal title cannot be bound by this lien.

The lien commences when the materials are furnished, and attaches to an equitable interest in the premises: Keller v. Denmead & Son, 68 Pa. 449. If the materials are furnished at the instance of a tenant in common in possession, it has been held that a lien may be entered against him, and that it will bind his interest in the premises. In Woodward v. Wilson, 68 Pa. 208, it was held that where materials were furnished on the order of the husband, and a lien entered against him, the wife's estate in the land—she claiming to be the real owner—was not affected thereby. The statutes have now provided for the entry of a lien against structures erected by a tenant for years, but the lien binds only the tenant's title. The mechanic must inquire not only after the title of the person on whose order he furnishes material, but after the incumbrances on that title at the time when the work begins, for his lien attaches only at and from the commencement of the building. The holder of a prior incumbrance is not affected. If

the builder is the owner only of an equitable title, the holder of the legal title is not affected.

The object of the defendant's point was to get the attention of the court upon this subject and secure a proper instruction to the jury. The court without sufficiently considering the question thus raised, told the jury that the lien was properly entered against the person who was the owner at the time when the lien was filed. This is entirely correct, if only it be added that such owner holds the title of the person or persons under whom the building was erected, but without such qualification it was clearly wrong. It may be that Weaver holds the title of Neall, but if so it was not shown on the part of the plaintiff, while defendant did show that he held the title of Knauer and Keim ; and upon this showing he was in a position to ask the instruction contained in his point.

The first assignment of error must also be sustained. The bills filed with the claim are not evidence in support of the plaintiff's claim unless their correctness is not denied by the affidavit of defence. The bills in this case were disputed, and to admit the plaintiff's statement of them on file, as evidence in support of his claim, was erroneous.

Judgment reversed, and venire facias de novo awarded.