## Connolly v. Pennsylvania Company for Insurances on Lives & Granting Annuities, Appellant, et al.

*Mechanic's lien—Agreement to sell real estate—"Owner" within meaning of mechanic's lien law.*

Where an owner of real estate executes an agreement of sale for a property worth $11,500, upon a payment of $5 down, final settlement to be made in fifteen months,—at the same time leasing the property to the vendee for fifteen months at a stated rental per month—and subsequently, before any work is done to the property, modifies the terms of the agreement upon the vendee undertaking to add $2,000 worth of improvements, and insure the buildings for five years, the vendor will not be held liable on a mechanic's lien for work done and materials furnished to the property upon the order of the vendee. The vendor is not an owner within the meaning of the Act of June 4, 1901, Sec. 4, P. L. 431. O'Kane v. Murray, 252 Pa. 60, followed.

Argued Oct. 11, 1918. Appeal, No. 259, Oct. T., 1918, by defendant, from judgment of C. P. No. 3, Philadelphia Co., March T., 1917, No. 7084, M. L. D., on verdict for plaintiff in case of N. Connolly v. The Pennsylvania

514, (1918).] Statement of Facts—Opinion of the Court.

Company for Insurances on Lives and Granting Annuities, Executor of the Estate of William B. Grubb, deceased, owner or reputed owner, and Christian Sanitarium for Incurables, C. H. Smith, Treasurer, Contractor. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and WILLIAMS, JJ. Reversed.

Scire facias sur mechanic's lien. Before DAVIS, J.

Verdict and judgment for plaintiff for $232.06. The Pennsylvania Company for Insurances on Lives, Etc., Executor, appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*Morris Dos Passos,* for appellant, cited: O'Kane v. Murray, 252 Pa. 60.

*Graham C. Woodward,* with him *Byron A. Milner,* for appellee, cited: Defraunce v. Brooks, 8 W. & S. 67; Siter's App., 26 Pa. 178; McHenry v. Mitchell, 219 Pa. 297.

OPINION BY WILLIAMS, J., December 12, 1918:

August 14, 1916, appellant's decedent, Grubb, signed an agreement to sell to the Christian Sanitarium a certain property upon a payment of $5, which was to be forfeited unless within fifteen months it should pay $3,995, and give a mortgage for $7,500, making up the purchase-price of $11,500. The same day Grubb signed a lease for the property to the Christian Sanitarium for a term of fifteen months, providing for a payment of a rental of $800, divided into monthly installments. January 1, 1917, the agreement of sale was modified whereby the Christian Sanitarium agreed to add $2,000 in improvements within three years, and to insure the buildings for five years and pay for the policy, in consideration of which the cash payment stipulated in the first agreement

was reduced to $995 and a second mortgage to be taken for $3,000 by Grubb in lieu of the balance of the cash payment.

January 18th, plaintiff contracted with the Sanitarium to install a boiler, and February 17th, to install radiators. This work was done and materials furnished between February 1 and 19, 1917. April 18, 1917, plaintiff's counsel notified Grubb that payment must be made within two days. There is no evidence that Grubb had any previous knowledge that the work was being done. May 15, 1917, the lien was filed. At the trial the court gave binding instructions for plaintiff and subsequently refused judgment n. o. v., holding that Grubb was the owner within Sec. 4 of the Mechanic's Lien Law of 1901. Pending suit, Grubb died, and the Pennsylvania company, his executor, was substituted and makes this appeal.

Under substantially the same facts it was held in O'Kane v. Murray, 252 Pa. 60, that the vendor under such an agreement of sale was not such an owner and that the lien attached only to the interest or estate in the premises of the person for whom the building was erected. MESTREZAT, J., said (66) : "The property belonged to Murray subject only to the payment of the balance of the purchase-money on or before the following September when he would become the holder of the legal title."

Appellee contends that the lease executed by Grubb to the Christian Sanitarium constitutes a distinguishing feature. With this contention we cannot agree. The intention of the parties was to buy and sell, not to rent, and the lease was collateral to and dependent upon the agreement of sale. Nor are the distinctions pointed out real, for Murray was to pay $30 a month, which was to be considered rental if he did not complete his agreement to purchase; McCall, the vendor, expected Murray to make the improvements, was present part of the time directing and looking over the work, and defended as owner.

Appellant further contends that the smallness of the consideration, $5, indicated that the parties never intended to pass title, and that the agreement was a mere option. The fact that the modification of the agreement of January 1, 1917, provided for the improvement of the property to the extent of $2,000 and for the insuring of the property by the Christian Sanitarium is a complete answer. It is inconceivable that one who intended to be a mere tenant should insure in its own right, or make such extensive improvements.

The judgment, as to the estate of William Grubb, is reversed, and the record remitted to the court below with direction to enter judgment n. o. v. for that defendant.