## Womer v. Gearhart.

*John T. Taylor*, for plaintiff; *S. D. Gettig*, for defendant.

FLEMING, P. J., January 7, 1931.—This matter is before us upon motion of Fred Gearhart, who appears to be the present owner of the premises concerned herein, to strike the mechanic's lien entered as above from the record.

While no testimony has been taken, it appears to have been admitted at the argument that the above-named defendant was in possession of the premises described in the lien, on or about February 24, 1928, by virtue of an article of agreement for the sale of land executed by Reed R. Randolph and Maude L.

Randolph, his wife, as vendors, and Arthur Vear Gearhart and Ruth Gearhart, his wife, as vendees. The lien was filed on August 10, 1928. By an assignment, bearing no date, but acknowledged by the parties on April 17, 1930, such article of agreement was assigned to Fred Gearhart, petitioner herein, by Arthur V. Gearhart and Ruth Gearhart, his wife. This assignment recites the original agreement as being recorded in Centre County in Miscellaneous Book "Y," at page 42.

Certain of the reasons set forth by the petitioner are wholly without merit and are not substantiated in fact. We shall speak and dispose of these reasons now, leaving such as will require more extended discussion until later.

The objection is raised that the lien filed does not show whether or not the same is for the erection of a new building or repairs or additions to an old one. The lien states that it is filed "for cement, cement products and building materials furnished in the *construction* of said building." A claim which shows by apt and sufficient words that it is for work and materials furnished to a new building will indicate its class although it does not use the statutory phrase and the indication of its class is the essence of the requirement: Wharton *v.* Investment Co., 180 Pa. 168, 175. Section two of the Act of June 4, 1901, P. L. 431, authorizes liens for (1) "erection and construction," and (2) "alteration and repair." The lien herein uses the word "construction" but omits the words "erection and." The word "construction" is so fully indicative of "erection" and so wholly opposed to "alteration and repair," that it fully indicates the class of the work done, upon which such materials were furnished.

It is further objected that no contract, if written, is attached to the lien and no details, if verbal, are averred. The lien plainly states that the agreement was verbal, that the materials furnished were necessary, and that the prices charged therefor were agreed upon between the claimant and the owner or reputed owner.

The objection that the claim is not itemized as required by statute is wholly without foundation in fact. A complete itemization, including dates, amounts, articles, prices and totals is set forth in exhibit "A," referred to in the body of and attached to the lien filed.

One of the main objections filed is that the defendant was not the owner of the premises described in the lien. The present proceeding cannot in any manner bind other than the equitable title of Arthur V. Gearhart, if he had any at the time the alleged verbal contract was made. In O'Kane *v.* Murray, 252 Pa. 60, it appears that one McCall, named as a defendant in a scire facias sur mechanic's lien, being the owner of a house and lot in Pittsburgh, agreed to sell the said premises to Murray, the other defendant, by a contract in writing dated April 30, 1912, for $3950, and received $150 as part of the purchase price, the remainder to be paid on September 1, 1912, when the deed was to be delivered. Murray took possession of the premises and by a written agreement dated June 3, 1912, between himself and O'Kane, the plaintiff, the latter agreed to provide all materials and perform all the work for remodeling the building on the premises which Murray had purchased from McCall. Subsequently, a lien was entered against both McCall and Murray. On the trial of the cause the court gave binding instructions for McCall and the jury returned a verdict against Murray for the full amount of plaintiff's claim. Subsequently, the court sustained Murray's motion for judgment *non obstante veredicto* on the grounds of defective notice. While the latter ground was the chief subject of consideration by the appellate court, nevertheless, Mr. Justice Mestrezat, at page 64, says in part:

"The Mechanic's Lien Act of 1901 permits a contractor to file a lien against the owner in fee or one having any estate or interest in the property who, by contract or agreement, express or implied, contracts for the erection of the structure or other improvement, and provides that the claim shall bind only the interest of the party named as owner of the property at the time of the contract, or subsequently acquired by him. Unless, therefore, a claimant brings himself within section 4 of the act, the lien attaches only to the interest or estate in the premises of the person for whom the building is erected: Weaver *v.* Sheeler, 118 Pa. 634; Weaver *v.* Sheeler, 124 Pa. 473, and a sale obtained on a judgment thereon will pass only such estate or interest of the person erecting the building. The equitable owner of real estate cannot by his contract, under the Act of 1901, bind the holder of the legal title or his interest in the real estate for the work done or materials furnished for a building erected on the premises. He could bind his own estate or interest in the land under prior legislation: Keller *v.* Denmead & Son, 68 Pa. 449, but that was the limit of his power since the Act of April 28, 1840, P. L. 467, to encumber the property by a mechanic's lien."

See, also, Connolly *v.* Pennsylvania Co. for Ins. on Lives, &c., et al., 70 Pa. Superior Ct. 514, and McBain *v.* Smith, 70 Pa. Superior Ct. 517.

But what estate is there to be bound in the instant case? It is admitted that the vendor in the article of agreement contracted to sell, not to the defendant alone, but to the defendant and his wife. Thus an ultimate legal title by entireties was contemplated by the parties. Whatever equitable estate, if any, existed at the time of the contract between plaintiff and defendant was that of the defendant and his wife as tenants by entireties. Where, during the existence of coverture, the husband alone makes a contract for the improvement of the real estate held by husband and wife as tenants by the entireties, in order to hold the wife it must be shown, as is the case where she alone owns the premises, either that the wife promised to pay therefor or that, under the circumstances, such promise may be reasonably inferred. No liability attaches to a wife for her husband's contract, even though she be a joint owner with him of the premises affected thereby, in the absence of some affirmative act of hers making her husband's contract her own: Disopra *v.* Curtis, 40 Montg. 209, 212. In the instant case the wife, Ruth Gearhart, was not named as a party defendant, nor has it been shown in any manner that she promised to pay the plaintiff, nor can the same be reasonably inferred from the circumstances. Had the defendant and his wife, as tenants by entireties, been the legal owners of the premises at the time of the contract of sale, or had they, pursuant to such contract, subsequently taken the legal title thereto, a judgment obtained in the present proceeding would have not been binding against the wife. Nor could it affect the equitable title, whatever such may subsequently appear to have amounted to, in this proceeding.

That the defendant failed to reveal the true owner of the premises at the time of contracting avails nothing to the plaintiff. It is the duty of a claimant to inquire of the equitable owner and of the general contractor as to the equitable owner's interest. Where a claimant fails to inquire, his failure and resulting injury must be charged, not to the vendor, but to himself: Meile *v.* McCuean, 18 Dist. R. 675; Snyder, Sener & Reese *v.* Bordt, 30 Dist. R. 764, 766. A claimant who fails to examine the records in the office of the recorder of deeds in and for the county where the property involved is situate is guilty of negligence: Miller *v.* Fitz, 41 Pa. Superior Ct. 582, 586. It is the duty of a claimant to inquire into the title of the alleged owner of the ground upon which the building is to be erected. In the absence of title in the reputed

owner of the ground, a plaintiff can look only to the personal responsibility of the alleged owner with whom he contracted: Long *v.* Black, 5 Pa. C. C. 258. We conclude, therefore, that as only the equitable and not the legal title can be bound in the instant proceedings, and as such equitable title was a title by entireties, and no motion to add the wife as a party defendant appears, an execution upon a judgment obtained herein against the husband alone would be ineffective to pass any title, either legal or equitable, and that the lien should be stricken from the record.

The lien is further defective, in that it fails to give such description of the structure as is necessary for identification. In fact, no attempt whatever is made to comply with this requirement of the statute.

And now, January 7, 1931, the motion to strike off the above mechanic's lien is allowed and the lien directed to be stricken as aforesaid.