## Tilo Roofing Company, Inc., v. Abeloff et al.

536

*James T. Kitson*, for petitioner.

*C. R. Bensinger*, for claimant.

DAVIS, P. J., December 12, 1950.—On petition of H. Murray Abeloff, a rule was granted on Tilo Roofing Company, Inc., to show cause why its mechanic's lien should not be stricken from the record.

On September 30, 1949, Tilo Roofing Company, Inc., filed its claim in the sum of $1,528.05 setting forth, inter alia:

1. This amount was the contract price for furnishing materials and labor in the application of asphalt-saturated shingles and felt, zinc mouldings and corner beading over existing sidewalls of building situate in the Borough of Stroudsburg, Monroe County, Pa.

2. The owners or reputed owners of the building were H. Murray Abeloff (title owner), Howard H. Bush and Helen Katherine Bush (equitable owners).

3. The work was done and the materials furnished at the instance and request of Howard H. Bush and Helen Katherine Bush.

4. (After describing the property) Being the same premises which Charles S. Flagler and wife by their deed dated January 16, 1948, and recorded in the Office for the Recording of Deeds, etc., at Stroudsburg, in and for the County of Monroe, in Deed Book, vol. 164, at page 278, granted and conveyed unto H. Murray Abeloff, and being sold by H. Murray Abeloff to Howard H. Bush and Helen Katherine Bush under written agreement of sale dated April 26, 1948.

Certain contentions involving facts outside the record were maintained at the argument before the court.

These contentions must be disregarded. It is clear that in a proceeding of this kind matters dehors the record may not be considered.

"It is settled on reason and authority that a mechanic's lien will not be stricken off which is regular on its face for matters dehors the lien. This rule was early established in this state and has been uniformly adhered to by this court": Burger v. S. R. Moss Cigar Co., 225 Pa. 400, 407.

The face of the lien clearly shows that H. Murray Abeloff was the holder of legal title to the premises in question and Howard H. Bush and Helen Katherine Bush were the possessors of equitable title under a written agreement of sale entered into more than two months prior to the execution of the contract and the subsequent furnishing of labor and material that is the basis for this lien. The lien also clearly shows that the labor and material was performed and furnished at the request of the equitable title holders only.

Since the Act of April 28, 1840, P. L. 467, 474, it has been established as a general proposition that the lien attaches only to the interest or estate in the premises of the person in possession for whom the labor or material was furnished.

"If, while Miller was in possession and owning the equitable title, he alone caused the building to be erected without the co-operation of Lutz, who held the legal title, a mechanics' lien for such erection would not bind any other or greater estate than that held by Miller. The 24th section of the Act of 28th April 1840, Pur. Dig. 1027, pl. 18, would control the case": Weaver v. Lutz, 102 Pa. 593, 595.

Section 4 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, 49 PS §28, provides an exception to the general proposition in the following language:

"Any owner, not being a committee, guardian or trustee, as aforesaid, who shall knowingly suffer or

permit any person, acting as if he were the owner, to make a contract for which a claim could be filed, without objecting thereto at the time, shall be treated as ratifying the act of such person acting as if he were the owner, and the claim may be filed against the real owner, with the same effect if he himself had made the contract. Ratification shall also be presumed, and a like subjection to lien shall follow, if the owner, not being a committee, guardian or trustee, as aforesaid, subsequently learning of such contract or of work being done upon his property, shall not, within ten days thereafter, repudiate the same, either by notice to the contractor and subcontractors or by posting such repudiation on the most public part of the structure or other improvement."

In the present case there is nothing on the face of the lien to indicate claimant is claiming under this section. Whether or not it is necessary for claimant to plead to the section if it desires to take advantage of it does not need to be decided here, for our appellate courts have held that as between a vendor and vendee of real estate the vendee is the person referred to as "owner" under section 4.

The case of O'Kane v. Murray, 252 Pa. 60, 65, states the matter clearly as follows:

"The plaintiff's contention that McCall was an owner of the property in question within the purview of the fourth section of the Act of 1901 is without merit under the facts of this case. It is conceded that prior to the time Murray entered into the contract with the plaintiff for the improvement of the real estate that McCall had contracted in writing with Murray to convey to him, and that Murray was in possession of it under the agreement. The plaintiff admitted in his replication to McCall's affidavit of defense and also testified on the trial, that prior to the beginning of the improvements he knew of the contract of sale between

Murray and McCall. McCall, therefore, held the legal title while Murray, who was in possession, had an equitable interest in the property. The contract for the improvement of the property was made by Murray, as the written agreement discloses, and McCall was not a party to it. The mechanics' lien law authorized the filing of a lien against Murray's interest for any sum due for work done and materials furnished under the contract. It is, therefore, difficult to see how, under these facts, the fourth section of the Act of June 4, 1901, can apply. Murray and not McCall, was the 'owner' within contemplation of the mechanics' lien law. Murray had the right to improve the property, and it was expected he would do so when the purchase was made, as it was to be remodeled for saloon purposes. He had possession and McCall could not interfere with that possession or with any improvements he desired to make. The property belonged to Murray subject only to the payment of the balance of the purchase-money on or before the following September when he would become the holder of the legal title. In the meantime, he was the owner and in possession with the right to contract to improve and subject his interest to a lien for such improvement. We do not think the fourth section of the Act of 1901 covers the case."

To the same effect is Connolly v. Pennsylvania Company for Insurances on Lives and Granting Annuities et al., 70 Pa. Superior Ct. 514.

We conclude claimant does not bring itself within section four of the Mechanics' Lien Act of 1901, and therefore, the lien attaches only to the interest or estate in the premises of Howard H. Bush and Helen Katherine Bush.

"Unless a claimant brings himself within Section 4 of the Act of 1901, the lien attaches only to the interest or estate in the premises of the person for whom the building is erected, and a sale obtained on a judg-

ment thereon will pass only such estate or interest of the person erecting the building": Cushman on Mechanics' Liens, vol. 2, page 770.

We have no authority to go outside the record and consider what may have happened to the estate or interest which Howard H. Bush and Helen Katherine Bush originally held.

And now, December 12, 1950, the rule is made absolute as to the claim of Tilo Roofing Company, Inc., against H. Murray Abeloff, and the lien against the estate or interest of H. Murray Abeloff in the premises described in the claim is stricken from the record and the prothonotary is directed to make the proper notations on the records.