## Edwards v. Stevens

*Gawthrop & Greenwood,* for plaintiffs.
*Carolus A. Wade,* for defendants.

O'DONNELL, *J.,* March 10, 1977 — On this one hundredth anniversary of the decision of this court in Graham v. McLean and Bennor Machine Co., 1 Chester 73 (1877), wherein it was observed that: "Probably no subject has been more fruitful of conflicting authority than the statutes conferring mechanic's liens . . .", we would like to add the observation that there is likewise no subject on which the legislature has said less and the courts more.

In this case, a mechanic's lien claim has been challenged because of the following chronology:

1. On March 1, 1976, defendant-owners contracted with the lien claimant for the furnishings of certain materials for the construction of improvements on a tract of land;

2. On March 5, 1976, defendant-owners were deeded this land by an indenture subsequently

recorded, the consideration shown in the deed is "none," making the transaction presumably a gift; and

3. On July 13, 1976, the lien claim was filed. Defendant-owners' contention is that no lien claim can be filed based on a contract entered into, and labor or materials furnished, before legal title is acquired. Secondly, on the same facts, they urge that, since they had no title when the contract was made, the contractor could not have relied upon the security of the property. They are wrong on both counts.

They raise these contentions in a pleading styled a "Petition to Strike Mechanic (sic) Lien Claim."

We should first like to invite counsels' attention to section 505 of the Mechanics' Lien Law of August 24, 1963, P. L. 1175, art. V, sec. 505, 49 P. S. §1505, which provides an exclusive remedy for objecting to a lien claim filed, as follows:

"Any party may preliminarily object to a claim . . . for lack of conformity with this act . . . [and] [i]f an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise . . . [and a party may] raise the same as a defense in subsequent proceedings . . ."

The act thusly contemplates something in the nature of a "speaking demurrer." Since under the general rules of pleading, a motion to strike is considered to be a form of preliminary objection, we will treat the entire pleading here filed as a "preliminary objection" as provided for in the act.

We hold that this case is ruled by the rationale in Weaver v. Sheeler, 124 Pa. 473, 475, 17 Atl. 17 (1889), in which the Supreme Court has held that:

"In order to establish the validity of a mechanics' lien, it is necessary that the person against

whom it is filed shall be the owner of the property *at the time of the filing of the lien.* (Emphasis supplied).

" . . .

" . . . when they took possession and afterward the legal title, and there is no legal reason for relieving them now from the payment of their honest debts contracted the development of their own property." Weaver at p. 483.

The owners here attempt to distinguish the present facts from those in Weaver, supra, pointing out that in Weaver, supra, the legal owner was at the time the work and materials were furnished the equitable owner under an agreement of sale which later ripened into legal title before the lien claim was filed. They say here that there is no proof that any equitable title pre-existed the legal title, since they obtained their title by gift. While we question whether that last assertion has been adequately proved on the state of this record, we nevertheless hold that that is irrelevant. Obviously, the owners here had somewhat more than a casual interest in this property when they ordered the work done toward its improvement. Weaver, supra, as we read it, does not absolutely require a pre-existing equitable title, it requires only legal title, or "any" interest in land, at the time the lien claim is filed. Here the owners had legal title when the lien claim was filed and the lien claim is valid as to them. We find Herr v. Mann, 53 Lanc. 171 (1953), persuasive. In that case, the owner, Mann had (as here) no title whatever at the time the work was contracted for or commenced, but he did have a legal leasehold interest at the time the lien was filed, and that lien was upheld as to his interest.

Neither the lien claimant, nor defendants, nor this court has been able to unearth any more recent precedent on this subject. We cannot tell whether the reason is that Weaver has been considered utterly dispositive of the issue, or whether other counsel have not displayed the ingenuity of the counsel here.

The owners' second contention that the contractor relied upon their oral promise rather than upon the security of the lien, citing Scott Mfg. Co. v. Morgan, 217 Pa. 367, 266 Atl. 566 (1907); Presbyterian Church v. Allison, 10 Pa. 413 (1849); Barclay v. Wainwright, 86 Pa. 191 (1878); Hommel v. Lewis, 104 Pa. 465 (1884); and Green & Co. v. Thompson, 172 Pa. 609, 33 Atl. 702 (1896), has been effectively disposed of by section 404 of the Mechanics' Lien Law of 1963, which provides: "The giving of credit . . . shall not operate to waive the right to file a claim . . ." Act of August 24, 1963, P. L. 1175, sec. 404, 49 P. S. §1404. Hence, that contention is no longer available as a defense.

We note in passing that, in their brief, the owners contend for the first and only time that the lien claim fails to itemize the materials and labor with the required specificity. Since that issue is raised nowhere in the pleadings, we do not pass upon that contention. We further note, however, that whereas here the contract is partly oral and partly in writing and whereas here the written part sets out the items and the price, that argument is without merit.

## ORDER

And now, March 10, 1977, the rule entered in this case on January 14, 1977, is hereby discharged, and defendant-owners' preliminary objections in the nature of a petition to strike are hereby overruled. The petition is dismissed.