## Davis, Appellant, *v.* Connell.

*Mechanic's lien—Notice of filing—Service on attorney in fact—Act of June 4, 1901, Sec. 21, P. L. 431.*

Under Section 21 of the Act of June 4, 1901, P. L. 431, an owner of real estate may appoint by parol an attorney in fact to accept notice of the filing of a mechanic's lien upon his property.

Argued May 3, 1918. Appeal, No. 148, April T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1916, No. 308, for defendant n. o. v. in case of John Davis and Arthur H. Davis, doing business as John Davis & Son, v. Florence H. Connell. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Reversed.

Scire facias sur mechanic's lien. Before EVANS, J.

At the trial the jury rendered a verdict for plaintiff for $1,264.10.

The court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*F. W. Miller*, with him *John S. Robb, Jr.*, for appellants.

*Herbert R. Hahn*, with him *Lyon & Hunter Harrison Bock*, for appellee.

OPINION BY HEAD, J., October 12, 1918:

This was an action of scire facias sur mechanic's lien. The owner made defense on the single ground thus stated in the affidavit: "Deponent says that no personal notice of the filing of the mechanic's lien at No. 152 January Term, 1915, M. L. was served upon defendant as required under the 21st Section of the Act of June

4th, 1901, P. L. 431, relating to Mechanics' Liens." On the single issue of fact thus raised the testimony was brief and uncontradicted. The learned judge below in his opinion entering judgment for the defendant n. o. v., says: "Service of the notice was accepted within the thirty days of the filing of the lien by C. A. Lambie..... who according to his testimony given in this case and for all practical purposes accepted as true had verbal authority to accept service of notice of this lien."

We are not, therefore, concerned with the question that might arise had the notice been served merely upon an attorney at law representing the owner and clothed with such powers and such only as would be incident to the relation of attorney and client. The exact question we have to consider is, was it competent for the owner to duly appoint an attorney-in-fact and give him such power in relation to this lien that a service upon him would be a service upon the owner within the meaning of the statute.

The section of the act referred to provides: "Within one month after the filing of the claim the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court term and number and the date of filing thereof and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service." It will be observed the statute requires no particular form in which the notice is to be prepared. It does not even direct in what manner the service is to be made upon the owner. It contents itself with the declaration that a notice containing certain essential facts shall be served upon the owner within a specified time. It clearly does not forbid the owner to empower an attorney in fact to act for him to the full extent that he himself could act. The spirit and purpose of the enactment quoted are well stated by Mr. Justice MESTREZAT in O'Kane v. Murray, 252 Pa. 60: "The purpose of the provision is apparent. It is to protect the owner by furnishing him an opportunity while the facts are ac-

cessible to ascertain if the claim is correct, if the labor
and materials were furnished as set forth in the lien,
and if the claim has been properly and legally entered
so as to bind his real estate." It ought to be clear then
that if the owner saw fit to appoint an attorney-in-fact
and give to him special authority to accept service of
the statutory notice of the filing of a particular lien,
the purpose of the act was accomplished and its spirit
was fully effectuated. Now, under the evidence in this
case, the jury would have been amply warranted in find-
ing that the owner had duly and specially authorized
Lambie to accept service of the filing of the notice of
this particular lien. That being so, we can perceive no
foundation either in reason or in the letter and spirit of
the statute for the conclusion that the provisions of the
act had not been complied with.

We do not understand the case of O'Kane v. Murray
is an authority for the proposition that the service of a
notice upon an attorney-in-fact, duly and specially em-
powered for that purpose, would be a failure to comply
with the statutory requirements and therefore fatal to
the lien. The case cited may very well stand upon its
own facts which, as we view them, are radically different
from the single question here presented. In that case
the question arose as between the owners of the legal
and equitable titles to the land sought to be bound. In
that case there was no evidence that the person who ac-
cepted service was anything other than the attorney at
law of the owner and in that case the affidavit of service
was not filed as required by the statute. All of these
things distinguish the case at bar from the one cited
and lead us to the conclusion the learned court below
fell into error in entering judgment for the defendant
n. o. v.

We do not think it necessary to consider the effect of
the fifty-third section of the Act of 1901 urged upon us
by the learned counsel for the appellant. If the action
of the learned court below were not vulnerable on the

ground we have indicated, we think much could be said in favor of the view taken by him that the notice required by the twenty-first section was not in the class contemplated by the provisions of the fifty-third section. The question is not likely to arise in the future because of the amendment to the twenty-first section of the Act of 1901, approved the fifth of April, 1917, P. L. 42. The judgment is reversed and the record remitted to the court below with direction to enter judgment in favor of the plaintiffs on the verdict.