## Rich v. Boguszinski et ux.

*Sci. fa. sur mechanic's lien—Proof of service of notice that claim had been filed—Judgment n. o. v.—New trial.*

1. In proceedings on *scire facias sur* mechanic's lien, plaintiff must show that notice of filing of lien was served upon defendant within one month, as required by the statute.

2. Where records found in files reveal that such notice was given, but the fact was not proved at the trial, judgment *n. o. v.* for defendant will be denied and new trial awarded in the interest of justice.

3. In the instant case, defendant's affidavit admitted that "some kind of notice had been filed."

Motion for judgment *n. o. v.*   C. P. Luzerne Co., Dec. T., 1923, No. 1284.

*R. H. Morrish,* for plaintiff; *W. L. Pace,* for defendant.

JONES, J., Feb. 15, 1927.—Defendants entered into an agreement with Joseph Dishus, contractor, to erect a building at Inkerman, this county, and plaintiff entered into a sub-contract with Dishus to plaster the house and erect two chimneys therein; the contractor absconded, neglecting to pay plaintiff, who filed a mechanic's lien as a sub-contractor, and this proceeding is a *scire facias* on the lien and a verdict in favor of the plaintiff.

Defendants move for judgment *non obstante veredicto,* assigning seventeen reasons, one of which complains that plaintiff failed to prove upon the trial that defendants were served with notice of the filing of the lien within one month thereafter as provided by law.

Section 21 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, provides: "Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number and the date of filing thereof, and shall file of record in said proceedings an affidavit, setting forth the fact and manner of such service. A failure to serve such notice and file an affidavit thereof within the time specified shall be sufficient ground for striking off the claim."

The lien was filed Nov. 19, 1923, and among the files is an affidavit that written notice of the filing was served on defendants on Nov. 26, 1923, but upon the trial there was no evidence or proof of such notice.

In Deeds v. Imperial Brick Co., 219 Pa. 579, in a *scire facias sur* mechanic's lien, it was said: "Ordinarily the affidavit of defence constitutes no part of the pleadings, but our recent act relating to mechanics' liens contemplates that the real issue in such cases is to be defined through affidavit and counter-affidavit;" and in Wyss-Thalman v. Beaver Valley B. Co., 216 Pa. 435, it was said that the issue is made up by the writ, the affidavit of defence and replication.

The affidavit of defence in paragraph 5 states that the lien is defective because a proper notice of claimant's intention to file the same, or of the filing

Rich *v.* Boguszinski et al.

of the same, was not served upon defendants at the time and in the manner required by law; the failure to give notice was made an issue.

In O'Kane *v.* Murray, 252 Pa. 60, the notice of the filing of the claim under section 21 of the Mechanics' Lien Act of 1901 was not given to the defendant, but service of the notice was accepted by his attorneys; plaintiff contended that there had been a substantial performance within this section of the statute. The court said: "This contention entirely overlooks the well-established rules applicable to the interpretation of mechanics' liens. The language of the provision is clearly mandatory, and if the claimant fails to serve the notice and file the required affidavit within one month after the filing of the claim, it is ground for striking off the claim. A compliance with the provision is a prerequisite to the validity of the lien, and a failure to observe it invalidates the lien. The purpose of the provision is apparent. It is to protect the owner by furnishing him an opportunity, while the facts are accessible, to ascertain if the claim is correct, if the labor and materials were furnished as set forth in the lien, and if the claim has been properly and legally entered so as to bind his real estate. . . . If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right. Nothing is presumed in favor of the lien. When the act of assembly directs specifically that a particular thing shall be done in order to establish a claim, substantial conformity will not answer; there must be a compliance with the requirement. The notice directed to be given by this section of the statute is equally as important as the notice of an intention to file the lien required by section 8 of the act."

And in the case of Merritt *v.* Poli, 231 Pa. 611-17, service of this notice (required by section 8 of the act) must be made in the manner prescribed by the statute, and failure to do so defeats the right to recover upon the claim filed.

In City of New York *v.* Miller, 254 Pa. 436—*scire facias* upon a municipal claim—it was stated: "The ninth section of the Act of June 4, 1901, P. L. 364, provides, in regard to municipal claims: 'Where claims are to be filed to use, the claimant, at least one month before the claim is filed, shall serve a written notice of his intention to file it unless the amount due is paid.' . . . At the conclusion of the testimony, the defendant asked for binding instructions in his favor, because there was no evidence in the case that the use-plaintiff served a written notice on the owner, at least one month before the claim was filed, of his intention to file the lien in question unless the amount due was paid. There had been no proof that such notice had been served," and as counsel for plaintiff admitted on the argument on appeal that such notice had not been given, judgment was entered for the defendant *non obstante veredicto.*

There are a number of decisions in the county courts to the effect that where, after a trial of a *sci. fa. sur* mechanic's lien, neither the validity of the lien nor the question of notice of the filing of the lien will be considered if such questions are not raised by the affidavit of defence, but in this particular case the question is raised and is directly and specifically traversed and denied in the affidavit of defence.

Plaintiff argues that the averment in the affidavit that "no proper notice of plaintiff's or claimant's intention to file the same, or of filing the same," was served upon defendant is a conclusion of law; the affidavit admits that some kind of a notice was filed, and, therefore, it was not necessary for plaintiff to prove the notice.

While the pleadings determine the issues, they are not evidence for any purpose, unless put before the jury in the manner set forth in Buehler *v.*

U. S. Fashion Plate Co., 269 Pa. 428, by offering in evidence the affidavit of defence or such parts thereof as defendant admits or such parts as may be treated as admitted; this practice was not followed.

Upon this record, defendants are entitled to judgment n. o. v., but it would be a great injustice to the plaintiff, because he did comply with this requirement of the statute, notice having been given as shown by the return of service found among the files, but, through neglect, it was not proved upon the trial of the case; if defendant received this notice, then the object of the statute has been fulfilled; ordinarily a client must suffer for the neglect of his counsel, but the court feels that, in the interest of justice, the motion for judgment n. o. v. should not prevail.

A new trial is, therefore, granted in order to give plaintiff an opportunity to establish upon the trial the truth of the fact found among the pleadings that notice was actually served upon the defendants within one week after the lien had been filed.

Motion for judgment n. o. v. is denied and a motion for new trial is granted.

From Frank P. Slattery, Wilkes-Barre, Pa.