Strayer and Company *v.* Gaines et al., Appellant.

Argued October 3, 1930. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

*Charles C. Greer,* for appellant, cited: Carrick v. Canevin, 243 Pa. 283, 289; Krauczunas v. Hoban, 221 Pa. 213, 221.

*I. Morton Meyers* of *Graham, Yost and Meyers,* and with him *Russell R. Yost,* for appellee, cited: Citizens Bank of Palmerton v. Lesko, 277 Pa. 174; National S. & C. Company v. Fitch, 55 Pa. Superior Ct. 212.

OPINION BY TREXLER, P. J., December 12, 1930:

This was a proceeding on a scire facias on a mechanics' lien filed by Strayer & Company against George Gaines, Andrew F. Duke and Robert Jackson, trustees of Wilson Duke Memorial Baptist Church, and Wilson Duke Memorial Baptist Church, an unincorporated association.

The affidavit of defense alleges that the parties above named were only trustees in a limited sense and that the statutory notice of intention of filing the lien and the notice of filing was served upon said trustees, and not on the regular trustees elected by the congregation. At the trial, it was shown that the deed for the real estate conveyed the property to the trustees above named. There was testimony that these trustees constituted the permanent board of the church, not only for the purpose of holding the legal title, but to take care of the church. They were authorized to enter into a contract for the erection of the church and their activities were known to the other members of the congregation. As far as the building of the church was concerned, there was evidence of ratification of their acts by the minutes kept by the congregation. A statement of these facts it would seem would show conclusively that the notices were served upon the proper parties. They were the holders of record of the title (Merrit v. Poli, 231 Pa. 611, 617) and trustees for the members of the congre-

gation and the congregation apparently acquiesced in their activities on their behalf.

The other trustees may have been elected to take the place of the ones named in the deed, but this does not appear conclusively by the testimony submitted and we do not think it affects the question. Even if we would concede arguendo that the so-called auxiliary trustees were the ones that should have had the notice, George Gaines served on both bodies, the permanent and auxiliary trustees and service on him would suffice. He was authorized to act for the congregation. Service on a trustee is sufficient when he is one of those having the erection of the building in charge: Seelar v. East End Mantel & Tile Co., 58 Pa. Superior Ct. 119. We think the claimant has fully complied with the law and that the matters involved were properly submitted to the jury who by their verdict settled the controversy.

The judgment is affirmed.