## Rockwell v. Keihl et ux.

*John R. Lashley, Jr.*, for plaintiff.
*George S. Black*, for defendants.

WINGERD, P. J., March 12, 1948.—On April 3, 1947, a mechanic's lien was filed in the office of the Prothonotary of Franklin County, Pa., by J. W. Rockwell, against the real estate of Wilbur E. Keihl and Bessie K. Keihl, his wife, owners or reputed owners. On May 2, 1947, there was filed in the same office an affidavit of service of notice of the filing of the mechanic's lien claim, which read as follows:

"Melvin F. Summers, Constable, being duly sworn according to law, deposes and says that he did on Monday the 28th day of April, A. D. 1947, at about 6:15

o'clock P. M. personally serve upon Wilbur E. Keihl and Bessie K. Keihl, his wife, owners or reputed owners, in the above entitled matter, a notice in writing of the fact of the filing of the above mentioned mechanic's lien, by handing to them personally copies of said notice, at their dwelling, Fairmount Avenue, Waynesboro, Franklin County, Pennsylvania. A copy of said notice is hereto attached and made part of this affidavit and return."

The affidavit was signed and sworn to by the constable before a notary public and immediately above it was the case heading, showing the parties, the court and the reference to the mechanic's lien docket where the lien was filed, and attached to it was a copy of the notice referred to, which notice was addressed to both owners, contained all the information required by the Mechanics' Lien Act, and was signed in pen and ink by the attorney for J. W. Rockwell, as follows: "John R. Lashley, Jr. Attorney for J. W. Rockwell."

On October 28, 1947, a petition for a rule to strike off mechanic's lien was presented to the court by the owners, alleging that the affidavit of service was defective in that it failed to allege the status of the person who served it, that is, whether he was claimant, claimant's agent, or claimant's attorney, and that there was nothing on the record to indicate the relationship between the person making the service and claimant and further, that the return of service is defective in that it fails to show that notice of the filing was served upon the owners by any of the methods provided for by law in the case of a summons, there being no statement that the copies served were attested by the prothonotary or sheriff or claimant or other proper person and that in fact they were not so attested. A rule was issued in accordance with the prayer of the petition and an answer filed thereto in which, inter alia, it was alleged that the constable was acting for claimant and it was

admitted that the notices served were not attested to be true copies.

There is no controversy concerning the facts. The issue raised by the petition and answer is clearly a question of law. The owners claim that under section 21 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, as amended by the Act of April 5, 1917, P. L. 42, 49 PS §131, both the affidavit filed and the service recited therein are defective for the reasons hereinbefore stated.

The act, as amended, is as follows:

"Section 21. Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service. *Service of the notice may be accepted by the owner's attorney; or the claimant, his agent or attorney, may serve the notice upon the owner in any of the methods now provided for by law in the case of a summons; or, if for any cause service by any of the aforesaid methods cannot be had, then by posting the notice upon the property described in the claim and by mailing a copy thereof to the owner at his last known residence.* A failure to serve such notice *or post it, or have service accepted as herein provided,* and to file an affidavit thereof within the time specified, shall be sufficient ground for striking off the claim." (Italics are the amendment of 1917.)

We realize fully, as is stated in O'Kane v. Murray, 252 Pa. 60, 68, that:

"The right to file a mechanic's lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and, therefore, must be strictly construed. If a party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring

the right. Nothing is presumed in favor of the lien: Schively v. Radell, 227 Pa. 434, 443. When the act of assembly directs specifically that a particular thing shall be done in order to establish a claim, substantial conformity will not answer; there must be a compliance with the requirement: Westmoreland Guarantee Bldg. & Loan Assn. v. Connor, 216 Pa. 543, 549. The notice directed to be given by this section (section 21) of the statute is equally as important as the notice of an intention to file the lien required by Section 8 of the act, and in the recent case of Merritt v. Poli, 231 Pa. 611, 617, we held that 'service of this notice must be made in the manner prescribed by the statute, and failure to do so defeats the right to recover upon the claim filed.' " (Parentheses ours.)

In the instant case, service was made by a constable by handing copies of the notice to the owners in person. A copy is attached to the affidavit and it is signed by claimant's attorney. We conclude from the affidavit and copy that all copies were signed by plaintiff's attorney: in fact, what are termed copies were really duplicate originals.

The questions before us are: (1) If a constable serves the notice required by section 21 of the Mechanics' Lien Act, must his affidavit of service state that he was acting for the claimant? (2) If service is made by a constable under section 21 of the Mechanics' Lien Act, must the notices served by him be true and attested copies when such service is made personally upon the owner or owners, and must his affidavit state that they were so attested?

Section 21, as originally enacted in 1901, stated:

"Within one month after the filing of the claim, the claimant shall serve a notice upon the owner of the fact of the filing of the claim, giving the court, term and number, and the date of filing thereof; and shall file of record in said proceedings an affidavit setting forth the fact and manner of such service".

Clearly, under this provision service by a constable of a written notice, containing the information called for, made personally upon the owner by handing him a notice, is full compliance with it. There never seems to have been any idea that claimant had to serve the notice himself, or that the notice had to be in any particular form or signed by any particular person. The purpose of the provision, as stated in O'Kane v. Murray, 252 Pa. 60, 67-68, is:

"The purpose of the provision is apparent. It is to protect the owner by furnishing him an opportunity while the facts are accessible to ascertain if the claim is correct, if the labor and materials were furnished as set forth in the lien, and if the claim has been properly and legally entered so as to bind his real estate. In a large building operation there may be many parties entitled to file claims, and it is important to the owner that the several claimants give him the notice required by the statute. The manifest importance of the provision clearly shows that the legislature intended it should be mandatory, and the failure to comply with it should invalidate the lien." Service by a constable, as above stated, complies with the act and fulfills its purpose.

In the same case, O'Kane v. Murray, supra, which was decided in 1916, the court held that acceptance of service of notice by the attorney of the owner was not a compliance with the act and further, by dictum, page 69, clearly showed that notice to the owner's agent or attorney, or service of notice upon the owner, by leaving a copy at his residence, etc., was not service in compliance with the act. This case was followed by Roberts v. MacPhee et al., 33 Montg. 185, in which it was held that service of notice, under section 21 of the Mechanics' Lien Act, by leaving a copy with an adult member of the owner's family, was not sufficient. After these two cases, the Mechanics' Lien Act of 1901 was amended by the Act of April 5, 1917, P. L. 42, 49 PS

§131, as hereinbefore set forth, allowing service to be accepted by owner's attorney and notice to be served by any of the methods then provided by law in the case of a summons. The amendment, however, was not mandatory as to the methods of service provided therein and did not limit service being made as provided in the amendment, but left the original provision intact and only permitted service to be made in the manner provided in the amendment. The word "may" is used throughout and the word "shall" does not appear. The amendment was no doubt superinduced by the cases above referred to and its purpose was to enlarge the methods by which service could properly be made. The character of service, which was good before the amendment, was certainly good after the amendment. The service in the present case was undoubtedly considered good before the amendment. The contention of the owners is that since the amendment, if a person other than claimant, serves the notice, the affidavit must set forth the relationship of the server to claimant and that the notice served must be attested by some proper person, as the sheriff, prothonotary or claimant, to be a true and correct copy, this being necessary in the service of a summons. As we have stated, we do not believe that the amendment applies to service made in the present case but even if it does, the service was in compliance with the amendment. The amendment provides that service may be made upon the owner "in any of the methods now provided for by law in the case of a summons". A reasonable interpretation of this is that it does not include the character of the notice or copy served, for there is no reason for the notice served to be attested a true and correct copy as in the case of a summons. A summons is a writ issued by one officer and the copy which is served is made by another officer, who attests it is a true and correct copy of the original, which must be signed and sealed by the officer issuing it, whereas there is no provision that the notice under

consideration is to be signed or executed in any particular way. The only provision is that it shall contain certain information. There is no provision for filing an original any place but merely that an affidavit of the fact of service and manner of such service must be stated. In reality what is served is a written notice containing certain information and even if notices, different in form and wording but each containing the information required, were served on two or three different co-owners, the provisions of the act would be complied with and its purpose fulfilled. In the instant case, the notices served, so far as the record shows, were all original notices but even if we want to be technical, since the affidavit states that they were copies, and there can be no such a thing as a copy which is not a true transcript (Bouvier's Law Dict., Baldwin's Cent. Ed.), and since the notices were signed by the attorney in his own handwriting, they were in fact true and attested copies: Timlin-Kelly Company v. Laman, 27 Dist. R. 787. All this appears from an inspection of the affidavit. ·

As the notices were served by a constable, an officer who serves writs and notices, it seems wholly unnecessary to state that he was acting for claimant. The fact that he was a constable raises the inference that he was acting for claimant. However, if it is necessary to aver such fact in the affidavit, as the affidavit was filed, it may be amended to accord with the actual facts: Chapin Lumber Co. v. Zagorski, 38 Luz. 57, 59; 12 Standard Pa. Practice §213, 144. The answer to the rule avers that the constable was acting under authority of claimant and this was not traversed. Such amendment is entirely proper, for section 51 of the Mechanics' Lien Act, 49 PS §243, provides for amendments and states, among other things:

"If the names of the owner and contractor be correctly stated and the description of the property be reasonably accurate, the claim shall be sufficient notice

to the owner, purchasers and lien creditors, though it may have to be amended in other particulars". See Lhormer v. Frank, 87 Pitts. L. J. 255, 256, and May v. Mora, 50 Pa. Superior Ct. 359.

Now, March 12, 1948, rule discharged and claimant allowed to amend affidavit to show under what authority or in what capacity in relation to claimant Melvin F. Summers served the notice of the filing of the mechanic's lien involved in this proceeding.