## I. H. Crouse & Sons, Inc. v. White

*Walton V. Davis*, for claimants.
*David K. James*, for defendants.

SPICER, *P.J.*, May 30, 1978 — Plaintiff filed a

statement of claim in a mechanics' lien action December 27, 1976. In paragraph 2 of the claim the names of the registered owners of the real estate were stated to be Donald R. White and Helen M. White. No marital status was given. In paragraph 3 of the claim, it was alleged that, "The claimant contracted with David L. Fry, a/k/a David L. Fry, Jr., who contracted directly with Donald R. White and Helen H. White, owners." In paragraph 8 it was alleged that written notice of intention to file "was duly served upon the said owners by certified mail, which service is verified by affidavit attached hereto, marked Exhibit B, and made a part hereof."

Exhibit B referred only to mailing to Donald R. White. A return receipt was attached signed by Donald R. White.

Following the filing of the claim, defendants filed a petition to strike off the claim. Plaintiff responded by filing a motion to dismiss this petition which was sustained by order of June 6, 1977, "without prejudice to defendants' right to file preliminary objections to the statement of claim."

Accordingly, preliminary objections to the claim were filed on October 20, 1977. The basis for the objections was plaintiff's failure to give preliminary notice of intention to file a claim under the Mechanics' Lien Law of August 24, 1963, P.L. 1175, art. V, sec. 501(a), 49 P.S. §1501(a). That subsection of the act requires an informal notice by subcontractors who are involved in situations of alterations and repairs. Nowhere in the record does it appear for what purpose plaintiff's materials were used. The preliminary objections were overruled.

Plaintiff filed a complaint, in which defendants

were identified as husband and wife, January 25, 1978, and attached to it a copy of the claim. The complaint was more specific than required by Pa.R.C.P. 1656, but repeated the allegations of the claim itself that plaintiff had contracted with David L. Fry, contractor for defendants, and had agreed to provide certain materials "to defendants' real property."

Defendants have again filed preliminary objections. Five reasons were assigned but at oral argument these were refined to three issues. These are: (1) Does Pa.R.C.P. 1028 prevent defendants from filing preliminary objections to the complaint because of the prior filing of preliminary objections to the claim, (2) Is the assertion that statutory notice was given to the parties defective when the attached affidavit of service shows only the giving of notice to a husband and the property is owned by the entireties, and (3) Can deficiencies in notice which appear in the claim be raised in objections to the complaint. Before discussing these issues, a brief summary of the requirements of notice contained in the Mechanics' Lien Law of 1963, supra, is helpful in understanding the basic problems involved in this case.

The Mechanics' Lien Law of 1963, supra, requires that certain notices be given by a subcontractor as a condition precedent to filing a lien. In section 1501(a), a preliminary notice in case of alterations and repairs is required. This has been described as a preliminary or informal notice: 12 Standard Pa. Pract. §103, 98. Defendants based their first preliminary objections on a failure to give this notice. Although the allegations of the claim and of the complaint clearly indicate that plaintiff

acted as a subcontractor, the purposes for which the material was furnished are not specified. Thus, relief on the pleadings alone could not have been granted on the basis of notice required under section 1501(a).

The next requirement of section 1501 is found in subsection (b) where it is required that formal notice of intention to file be given. The purpose of both the informal and formal notices is to protect the owners from making payments to the contractor: 12 Standard Pa. Pract. §101, 97. In 49 P.S. §1501(d), it is provided that notice may be served by first class, registered or certified mail "on the owner or his agent." Defendants argue that service on a husband is not service "on the owner or his agent" as to a wife when both are listed as owners. Plaintiff argues that defendants are precluded from raising the issue on a second round of preliminary objections. It is plaintiff's position that once preliminary objections are filed to the claim itself, Pa.R.C.P. 1028 prevents objections to the complaint. Further, plaintiff maintains that it should be allowed to prove, at trial, if necessary, that the husband was acting as the agent for his wife. Thus, it argues that even if defendants are allowed a second round of objections, any defect in notice appearing in the claim may be cured by proof at trial.

It is clear that Pa.R.C.P. 1028 normally prevents filing more than one set of preliminary objections. The rule specifically states in subsection (b) that "all preliminary objections shall be raised at one time." However, the Mechanics' Lien Law of 1963 establishes its own procedure for the filing of claims. In 49 P.S. §1505 preliminary objections are allowed and it is provided that failure to file an

objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings. While the act does not specify what occurs when preliminary objections are filed, and counsel have cited no cases involving this situation, the trend of authority seems to indicate that the two stages are completely different and that different rules govern each. For example, in 5 Goodrich-Amram 2d, §1651(b)(1), it is stated: "Mechanics' lien practice at the claim stage does not conform itself to assumpsit practice. The assumpsit practice applies to the procedure to obtain judgment upon the claim." And in footnote 13 it is stated: "In mechanics' lien practice, preliminary objections are available at two stages, first, to the claim under §505 of the Law, and second, to the complaint after the action is brought, under Rules 1651(b) and 1017(b): Schwartz & Baker v. Racing, Inc., 25 Monroe LR 125 (1967)."

Plaintiff argues that statements such as this mean that defendants' present preliminary objections go to the complaint and cannot raise deficiencies in the claim, but it is obvious that since the claim is part and parcel of the complaint, attacks can be made on either or both. Thus, we rule adversely to plaintiff on the third issue.

The act of legislature has not been suspended or repealed by the rules. Since Pa.R.C.P. 1028 does not apply to the procedure set forth in the statute, the court must construe the meaning of the statutory language. "Failure to file an objection preliminarily shall not constitute a waiver of the right to raise the same as a defense in subsequent proceedings." 49 P.S. §1505. We hold that the meaning of the language is to allow a subsequent raising as a

defense by preliminary objections to the complaint, of any issue *not* raised as preliminary objections to the claim.

Turning to the final issue remaining, the court notes first that in the affidavit of service attached to the claim there was no allegation that the service upon the husband was made on him as agent for his wife. The bald assertion was that service was made on the husband. The notice was not directed to both, only to the husband.

Section 1501 allows service to be made "by an adult in the same manner as a writ of summons in assumpsit." Thus, if the notice had been addressed to both, it could have been personally served on the husband at the residence of the parties and been effective as to both: Pa.R.C.P. 1009. Perhaps if handed to husband at some place other than the residence, if done in the presence of the wife, it would have been effective to both: Delaware County Supply Co. v. Scavicchia, 33 Del. Co. 119 (1944).

There is some authority that when the claim alleges that the husband acted as agent for his wife, and service is had only upon him, a claimant may be permitted to have the opportunity at trial to prove the allegation of agency: Parker v. Denny, 27 Montg. 146 (1910). But in cases such as this where there is no allegation of agency, courts have sustained preliminary objections as to the spouse who was not served: King Manor Homes, Inc. v. Green, 42 D. & C. 2d 136, 25 Monroe 56 (1967) (collecting cases). The reasoning behind this has been set forth as follows: "There is no merit in the position that service upon one tenant by the entireties comprises service upon both tenants by the entireties. The law requires services upon each of defendants and the

relationship of husband and wife does not alter that rule. They are separate individuals and each are [sic] entitled to notice of the filing of the mechanic's lien which might very properly and materially affect the respective rights of either or both." Chapin Lumber Co. v. Lagoraskio, 38 Luz. 57, 59 (1941).

The privilege of filing a mechanic's lien must be strictly construed: O'Kane v. Murray, 252 Pa. 60, 68, 97 Atl. 94, 97 (1916). Although it is perhaps fundamental law known to every practitioner, the court feels constrained to comment that the basis for the action is neither an agreement between plaintiff and defendant nor a theory of unjust enrichment. The owner may well have paid the contractor and may have been totally unaware of plaintiff's identity prior to the institution of the claim. In giving the provider of material and labor some right to recover against his fixtured product, the legislature established certain requirements. The subcontractor who ignores them does so at his own peril; his only remaining remedy is his right to recover from the person with whom he contracted.

In this case, it may well develop at trial that the materials were furnished for repairs and alterations and the notice required by 49 P.S. §1501(a) may again become significant. Be that as it may, plaintiff cannot surmount at this time the deficiency patent in the pleadings as to defendant Helen H. White. Failure to show service on the wife is not curable by amendment: King Manor Homes, Inc. v. Green, 42 D. & C. 2d 136, 25 Monroe 56 (1967). It appears she did not receive notice under 49 P.S. §1501(b) and the preliminary objections as to her are sustained. The preliminary objections as to Donald R. White are dismissed according to the attached order.

## ORDER

And now, May 30, 1978, the preliminary objections filed on behalf of Helen H. White are sustained and the complaint is dismissed as to her; the preliminary objections filed on behalf of Donald R. White are dismissed.